UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MR. JOHN BRENT MOETTELI and DA VINCI PARTNERS LLC, <br><br>Plaintiffs,<br><br>v.<br><br>KILI TECHNOLOGY INCORPORATED,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

**MR. JOHN BRENT MOETTELI'S and DA VINCI PARTNERS LLC'S ORIGINAL COMPLAINT**

Plaintiffs Mr. John Brent Moetteli ("Mr. Moetteli," "Moetteli," or "Plaintiff") and Da Vinci Partners LLC ("Da Vinci," "Da Vinci Partners," or "Plaintiff") jointly file this Original Complaint against Defendant, Kili Technology Incorporated ("Kili" or "Defendant"), and in support of this Original Complaint, respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff Mr. John Brent Moetteli is an individual United States and Swiss citizen with an address of Untertorgasse 7, Arbon, Switzerland, CH-9320. Mr. Moetteli is managing attorney of Plaintiff Da Vinci Partners LLC, which has its principal place of business at the address of Rathausgasse 1, Arbon, Switzerland, CH-9320.

2. Defendant Kili Technology Incorporated is a company registered with the Virginia State Corporation Commission (SCC) and registered as a Foreign Business

Corporation to do business in New York. Defendant's principal business address in the United States is at 524 Broadway, New York, New York 10012. Citation may be served on Defendant by serving its registered agent in New York, Registered Agent Solutions Inc., at the address of 99 Washington Avenue, Suite 700, Albany, NY 12260.

## II.   JURISDICTION AND VENUE

3.   This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this civil action arises under the laws of the United States. The Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) because this civil action arises under the Lanham Act, Title 15 United States Code. Further, this Court has supplemental jurisdiction over any state-law claims asserted in this action, pursuant to 28 U.S.C. § 1367(a).

4.   This Court may exercise personal jurisdiction over Defendant because Defendant has committed acts of trademark infringement, unfair business practices, and unfair competition within this judicial district.

5.   Venue is proper under 28 U.S.C. § 1391(b) and (c), in that Defendant is subject to this court's personal jurisdiction with respect to this civil action.

## III.   INTRODUCTION

6.   The subject matter of this civil action is trademark infringement and unfair competition via the use of a trademark in the United States. As such, this civil action is brought to defend and enforce the Plaintiffs' rights in their intellectual property, since trademarks constitute a category of intellectual property. However, the term "intellectual property," in popular as well as legal parlance, usually refers to patents.

7. In the legal profession in the United States, law firms that claim to specialize in intellectual property typically demonstrate a focus on patents or patent prosecution and employ U.S.-licensed and USPTO-registered patent attorneys. These attorneys, by virtue of having passed the USPTO's registration examination, are qualified to practice <u>in patent matters</u> before the USPTO.

8. As the technology sector becomes a greater and greater proportion of the United States economy, and more and more embedded in daily life for every United States resident, the so-called "channels of trade" for products and services called "intellectual property" are interwoven and increasingly convergent or congruent.

9. The rapid rise of generative artificial intelligence (GenAI) has amplified, and will continue to amplify at increasing speed, exposure of intellectual property concepts to the general public. As a result, the legally relevant public for any product or service involving "intellectual property" is expending in scope and sophistication.

10. Although the Nice Classification used in the system for trademark registration differentiates between "goods" and "services," consumers do not think in these terms. Even an IP law firm or an IP lawyer, considering a purchase of software, understands that what they are buying is a fusion of goods and services.

11. The community of patent attorneys in the United States is small, interconnected, and relatively congenial or at least collegial. The members of this community share a peculiar and exotic language, and they depend on specialized professional organizations, narrow-focus trade publications, and their colleagues (who are theoretically competitors), to stay abreast of jurisprudence across the United States in all the federal district

courts, and to generate ideas for everything from patent claim drafting to law firm marketing practices. It is not uncommon for patent attorneys from different firms to collaborate in representing a party in court, in publishing a paper, or in drafting patent applications. Due to these operating principles, a patent lawyer's reputation with other patent lawyers is as important and valuable as their reputation with clients, prospective clients, and judges.

## IV.  BACKGROUND FACTS

12. Plaintiff Mr. John Brent Moetteli has been practicing patent law continuously since 1995, when he began his career at a Texas law firm. In 2002 he established an international patent and trademark law firm based in Switzerland, Moetteli & Associés, Sàrl. In 2011, after Swiss law changed to allow professional services firms to have names that did not include a personal name, Mr. Moetteli changed the name of his firm to Da Vinci Partners, LLC.

13. Even before establishing Moetteli & Associés, Mr. Moetteli established the U.S. federal trademark DA VINCI DESIGN for "providing information to others about patents, the patent process, inventing, and innovative design and engineering." The U.S. federal trademark registration for DA VINCI DESIGN was last renewed in January 2018. *See* Exhibit 1.

14. In February 2010, Plaintiff Moetteli filed a U.S. trademark application for the wordmark DA VINCI in standard characters. The mark was registered in March 2011, covering goods and services in International Classes 16, 36, 39, 41, 42, and 45. The registration was renewed in June 2021. The descriptions of goods and services in classes 16, 36, 41, 42, and 45 refer specifically to intellectual property. *See* Exhibit 2.

15. Both of the federally registered trademarks, DA VINCI and DA VINCI DESIGNS, have been in continuous use in the United States since their respective registrations, in connection with intellectual property and patent-related products and services.

16. Upon information and belief, Defendant Kili Technology Incorporated, or its CEO François-Xavier (FX) Leduc, is responsible for the website getdavinci.ai.

17. According to a press release published January 25, 2024, at getdavinci.ai/blog/davinci-press-release, "successful startup Kili Technology Inc. officially launched [on that day] davinci, a new artificial intelligence (AI) technology tool which drafts patents and office action answers in a fraction of the time that manual methods require." See Exhibit 3.

18. In the same press release dated January 25, 2024, the term 'davinci' is used as a product or service name, as in the phrase "We named davinci after enduring icon Leonardo da Vinci," *Id, at 3,* and as a trade name, as in the sentence "davinci is currently inviting law firms in North America and Europe to join the davinci waitlist." *Id, at .*

19. Upon information and belief, Defendant began publicly promoting directly to law firms their patent drafting tool under the name davinci at least as early as the trade show Legalweek held in New York January 29 to February 1, 2024. According to the website https://www.event.law.com/legalweek, Legalweek is recognized globally as the leading legal event to network, and do business, with the most innovative organizations in the world, and had 6,000 registered attendees from 34 countries.

At https://www.event.law.com/legalweek/exhibitors, 'davinci' is shown at Booth #1224 in the Exhibit Hall.  *See Exhibit 4.*

20. Upon information and belief, Defendant continued to promote directly to law firms their patent drafting tool under the name davinci at the ABA Techshow in Chicago, held February 14-17, 2024. At techshow.com/exhibitors/, accessed March 30, 2024, 'davinci' is among the listed exhibitors.  *See Exhibit 5.*

### V.   CAUSE OF ACTION I: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

21. Plaintiffs incorporate each of the foregoing paragraphs as if set forth in their entirety here in relation to this cause of action.

22. Plaintiffs' cause of action arises under the Lanham Act, 15 U.S.C. § 1125, and under Texas common law.

23. Plaintiffs' own U.S. federal trademark registrations for DA VINCI and DA VINCI DESIGNS, protected since 2010 and 1996, respectively.

24. Plaintiffs own common law rights in the United States to DA VINCI in relation to intellectual property services.  Both the registered marks for DA VINCI and DA VINCI DESIGNS, as well as the common law trademark for DA VINCI, may be referred to as the DA VINCI trademarks, from hereinafter.

25. Plaintiffs have invested substantial resources, continuously over more than two decades, in the creation, use, enforcement, and defense of Plaintiffs' DA VINCI trademarks, and in developing and protecting the goodwill signified by those trademarks.

26. Defendant is using the term 'davinci' in the United States, both as a trademark and as a trade name, in connection with products and services that are legally related to those

covered by Plaintiffs' federal trademark registrations and common law trademark rights. This unauthorized use is likely to create confusion in the marketplace and among the general public. If Defendant's unauthorized use of 'davinci' continues, it will irreparably damage Plaintiffs' marks and harm the goodwill therein.

27. By its use of the sign 'davinci' as both a trademark and a trade name in the United States, Defendant has willfully, deliberately, and unlawfully infringed upon Plaintiffs' trademarks, and its willful and intentional actions have harmed, or will harm, the goodwill that Plaintiffs have built in the DA VINCI trademarks.

28. As an inevitable consequence of Defendant's actions in using 'davinci' as a trademark and as a trade name, Defendant is likely to cause confusion in the minds of consumers, harm the goodwill accumulated and inherent in Plaintiffs' DA VINCI trademarks and trade name, and thereby cause, as a direct and proximate result, damages to Plaintiffs.

29. Upon information and belief, the Defendant's use of the sign 'davinci' as described above constitutes willful, intentional trademark infringement and unfair competition actionable under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and under the common law of the State of Texas.

### VI. CAUSE OF ACTION II: UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES

30. Plaintiffs incorporate each of the foregoing paragraphs as if set forth in their entirety here in relation to this cause of action.

31. Defendant's actions, as set forth in the paragraphs incorporated herein, constitute willful and intentionally unfair business practices and unfair competition, which

have directly and proximately caused, or will cause, damages to Plaintiffs and harm to Plaintiffs' commercial relations.

## VII.     APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF

32.     Defendant's continued use of the sign 'davinci' in the marketplace causes Plaintiffs to face a substantial threat of irreparable injury. Defendant will not be harmed or prejudiced if it is required to cease and desist its infringing use of the sign 'davinci' as a trademark or trade name. An injunction, if granted, will cause no disservice to the public.

33.     Due to the threat of irreparable harm, Plaintiffs request that the Court, after setting a hearing and taking evidence, issue a preliminary injunction pursuant to 15 U.S.C. § 1116(a), directing Defendant , its employees and agents, and all others acting on its behalf or at its behest, to cease and desist all conduct that employs the sign 'davinci' as an indicator of source for Defendant's products or services related to patents, patent drafting, or intellectual property, or as a trade name.

## VIII.    ATTORNEYS' FEES

34.     As a consequence of Defendant's actions, Plaintiffs have been forced to retain counsel to file this civil action to protect Plaintiffs' rights. Therefore, Plaintiffs plead for an award of reasonable and necessary attorneys' fees under any applicable law providing for such an award.

## IX.    JURY DEMAND

35.     Plaintiffs assert their constitutional right and demand a trial by jury on all issues in this case.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiffs Mr. John Brent Moetteli and Da Vinci Partners LLC request that Defendant Kili Technology Incorporated be cited to appear and that Plaintiffs be awarded:

1. Actual damages in an amount proved at trial;

2. Temporary injunctive relief;

3. Permanent injunctive relief;

4. Attorneys' fees;

5. Pre-judgment and post-judgment interest as provided by law;

6. Costs of suit; and

7. Such other relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

| |
|---|
| Respectfully submitted, |
| |
| **DELEON LAW GROUP, PC** |
| 1714 S. Cooper Street |
| Arlington, Texas 76113 |
| Tel. 214-810-8295 |

| | |
|---|---|
| By: | *[signature]* |
| | RUBEN DELEON |
| | State Bar No. |
| | Email |
| | MELANIE FINCH |
| | State Bar No. |
| | Email |

| |
|---|
| **ATTORNEYS FOR PLAINTIFFS** |
| **MR. JOHN BRENT MOETTELI AND** |
| **DA VINCI PARTNERS LLC** |